**EXHIBIT A**



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 9174949
Date Processed: 10/06/2011

| | |
|---|---|
| **Primary Contact:** | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| **Copy of transmittal only provided to:** | Stacey Davidson<br>Dona Manley<br>Holley El-Akkad<br>Gaither Keener Jr.<br>Shannon Montgomery |

| | |
|---|---|
| **Entity:** | Lowe's HIW, Inc.<br>Entity ID Number 0295162 |
| **Entity Served:** | Lowe's HIW, Inc. |
| **Title of Action:** | Frank Geyer vs. Lowe's HIW, Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC469813 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/05/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Kevin J. McInerney<br>775-849-3811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HIW, INC., LOWE'S COMPANIES, INC. and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK GEYER, individually and on behalf of all others similarly
situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 16 2011

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): Los Angeles County Superior Court  111 N. Hill Street, Stanley Mosk Courthouse  Los Angeles, CA 90012 | CASE NUMBER: (Número de Caso): BC 469 813 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: September 16, 2011     JOHN A. CLARKE, CLERK     Mary Flores                Deputy
*(Fecha)*                                    , Clerk, by *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Lowe's HIW, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A   Page 8**



CORPORATION SERVICE COMPANY°

# Notice of Service of Process

null / GARN
Transmittal Number: 9174956
Date Processed: 10/06/2011

| Primary Contact: | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
|---|---|
| Copy of transmittal only provided to: | Stacey Davidson<br>Dona Manley<br>Holley El-Akkad<br>Gaither Keener Jr.<br>Shannon Montgomery |

| | |
|---|---|
| Entity: | Lowe's HIW, Inc.<br>Entity ID Number  0295162 |
| Entity Served: | Lowe's Companies, Inc. |
| Title of Action: | Frank Geyer vs. Lowe's HIW, Inc. |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC469813 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/05/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Kevin J. McInerney<br>775-849-3811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HIW, INC., LOWE'S COMPANIES, INC. and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK GEYER, individually and on behalf of all others similarly
situated

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 16 2011

John A. Clarke, Executive Officer/Clerk
BY: _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Los Angeles County Superior Court | *(Número del Caso):* BC 469813 |

111 N. Hill Street, Stanley Mosk Courthouse
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: September 16, 2011 | JOHN A. CLARKE, CLERK | Clerk, by | Mary Flores | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Lowe's Companies, Inc.

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1  KEVIN J. McINERNEY (46941)
   kevin@mcinerneylaw.net
2  KELLY McINERNEY (200017)
   kelly@mcinerneylaw.net
3  CHARLES A. JONES (224915)
   caj@mcinerneylaw.net
4  McINERNEY & JONES
   18124 Wedge Parkway #503
5  Reno, Nevada 89511
   Tel: 775-849-3811
6  Fax: 775-849-3866

7  MATTHEW RIGHETTI (121012)
   matt@righettilaw.com
8  JOHN GLUGOSKI (191551)
   jglugoski@righettilaw.com
9  MICHAEL RIGHETTI (258541)
   mike@righettilaw.com
10 RIGHETTI • GLUGOSKI, P.C.
   456 Montgomery Street, Suite 1400
11 San Francisco, California 94104
   Tel: 415-983-0900
12 Fax: 415-397-9005

13 JAMES F. CLAPP (145814)
   jclapp@sdlaw.com
14 MARITA MURPHY LAUINGER (199242)
   mlauinger@sdlaw.com
15 ZACHARIAH P. DOSTART (255071)
   zdostart@sdlaw.com
16 DOSTART CLAPP & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
17 San Diego, California 92122-1253
   Tel: 858-623-4200
18 Fax: 858-623-4299
   *Attorneys for Plaintiff*

19

ORIGINAL FILED

SEP 28 2011

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

20          IN AND FOR THE COUNTY OF LOS ANGELES

21 FRANK GEYER, individually and on behalf
22 of all others similarly situated,

23              Plaintiffs,

24 vs.

25 LOWE'S HIW, INC., LOWE'S
   COMPANIES, INC. and DOES 1 through 50,
26 inclusive,

27              Defendants.

28

CASE NO. BC469813

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698 *ET SEQ.*) AND FOR INJUNCTIVE RELIEF**

1

FIRST AMENDED CLASS ACTION COMPLAINT

1    .1.    Plaintiff Frank Geyer, individually and on behalf of all others similarly situated,

2  alleges as follows:

3                                    INTRODUCTION

4    2.    This is a class action and a representative action for recovery of penalties under the

5  California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code Section

6  2698, et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or

7  herself and other current and former employees to address an employer's violations of the

8  California Labor Code. In this case, defendants violated California Labor Code Section 1198 and

9  Wage Order 7-2001, Section 14 by failing to provide suitable seats to plaintiff and other current

10  and former employees. Plaintiff seeks penalties on behalf of herself and other current and former

11  employees of defendants as provided herein.

12    3.    Plaintiff, Frank Geyer ("Geyer") is an individual residing in the State of California.

13    4.    Plaintiff is currently employed as a cashier at Lowe's HIW, Inc., and/or Lowe's

14  Companies, Inc. ("Lowe's") in Torrance, California. In connection with his job as a cashier,

15  Plaintiff regularly operates a cash register at a check-out counter area, as do other cashiers.

16    5.    Defendant Lowe's is a Washington corporation doing business in Los Angeles,

17  California. Lowe's is a nationwide chain store operation that retails home improvement products

18  and hardware to the general public. In California, there are in excess of one hundred (100) Lowe's

19  stores. Pre-filing investigation by plaintiff's counsel enables them to state that stores throughout

20  California appear to be similar in that they are housed in square or rectangular buildings. The

21  interior layout appears similar with the check-out counters and cashier areas at the front of the

22  store and products along aisles or on wall shelving. The counters and cashier areas in California

23  Lowe's stores appear generally similar and there is ample space behind each counter/cashier area

24  to allow for a stool or seat. There is nothing in the layout of Lowe's stores or in the activities

25  performed by the employees operating the cash registers and manning the counters which would

26  preclude the presence or utilization of seats. The defendant's cashiers working in Lowe's

27  locations spend a very substantial portion, and, in many instances, the great majority of their

28  working time behind these counters.

2

FIRST AMENDED CLASS ACTION COMPLAINT

6.     Plaintiff does not know the names of those defendants sued as DOES 1 through 50 but will amend this complaint when he learns those names.  Plaintiff alleges on information and belief that each of the DOE defendants is the agent, representative, successor, affiliate, officer, director, employee, co-conspirator, or alter ego of each of the other defendants and is in some manner responsible for the wrongdoing alleged herein.  For the purposes of this complaint, all the defendants are collectively referred to as "Lowe's."

7.     Venue is proper in this judicial district because at least some of the alleged wrongdoing occurred in this judicial district.

8.     Wage Order 7-2001, which covers businesses in the "mercantile industry" such as Lowe's, states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."  Id., Section. 14(a).  Lowe's has failed to provide its cashiers, including plaintiff, with seats, despite the fact that the nature of cashier work reasonably permits the use of seats.

CLASS ALLEGATIONS

9.     Class Definition:  Plaintiff brings this lawsuit on his own behalf and as a class action under Cal. Code Civ. Proc. Section 382 and Fed. R. Civ. P. 23.  The class ("Class") that plaintiff seeks to represent is defined as follows: "All persons who, during the applicable statute of limitations, were employed by Lowe's in the State of California in the position of cashier, or a similar position that regularly involves the operation of a cash register, and were not provided with a seat."

10.     Ascertainable Class:  The Class is ascertainable in that its members may be identified and located using information contained in Lowe's personnel records.

11.     Numerosity:  The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  Plaintiff is informed and believes that the Class consists of well over 1,000 individuals.

12.     Common Questions of Fact or Law:  This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues.  Common questions include, but are not limited to, the following: (1) whether Lowe's is subject to the

3

FIRST AMENDED CLASS ACTION COMPLAINT

1  requirements of Wage Order 7-2001, Section 14; (2) whether the job of a cashier at Lowe's
2  reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount
3  of penalties that should be awarded under PAGA.

4      13.    Typicality:   Plaintiff's claims are typical of the claims of Class members.  Plaintiff
5  and the Class members were injured by Lowe's common practice of failing to provide seats.

6      14.    Adequacy:   Plaintiff will fairly and adequately protect the interests of the Class.
7  Plaintiff has no interests that are adverse to the interests of the Class.

8      15.    Superiority.   A class action is superior to other available means for the fair and
9  efficient adjudication of this controversy, since individual joinder of all members of the Class is
10 impractical.  Class action treatment will permit a large number of similarly situated persons to
11 prosecute their common claims in a single forum simultaneously, efficiently, and without
12 unnecessary duplication of effort and expense.  Furthermore, the expenses and burden of
13 individualized litigation would make it difficult or impossible for individual members of the Class
14 to redress the wrongs done to them, while an important public interest will be served by
15 addressing the matter as a class action. Individualized litigation would also present the potential
16 for inconsistent or contradictory judgments.

FIRST CAUSE OF ACTION
(Violation of PAGA)

17
18
19     16.    Plaintiff incorporates by reference the allegations set forth above.

20     17.    California Labor Code Section 1198 makes it illegal to employ an employee under
21 conditions of labor that are prohibited by the applicable wage order.  By having failed to provide
22 and by continuing to fail to provide plaintiffs and the other Class members with seats, in violation
23 of Wage Order 7-2001, Section 14, Lowe's violated Lab. Code Section 1198.

24     18.    PAGA permits an "aggrieved employee" to recover penalties on behalf of himself
25 or herself and other current or former employees as a result of the employer's violations of certain
26 sections of the California Labor Code.  Plaintiff is an aggrieved employee, in that plaintiff was
27 employed by Lowe's and was not provided with a seat, in violation of Lab. Code Section 1198 and
28 Wage Order 7-2001, Section 14.  A violation of Lab. Code Section 1198 gives rise to private right

4
FIRST AMENDED CLASS ACTION COMPLAINT

1   of action under PAGA.

2       19.     Plaintiff has complied with the PAGA notice provision set forth in Cal. Lab. Code

3   Section 2699.3(a)(1).  The Labor and Workforce Development Agency informed our office in a

4   letter dated January 6, 2011 that it did not intend to investigate identical allegations in relation to

5   another employee, Katie Smith.  A letter was sent to the Labor and Workforce Development

6   Agency on September 15, 2011 informing the Agency of Mr. Geyer's intention to seek penalties

7   against Lowe's HIW, Inc. and/or Lowe's Companies, Inc. for violation of Wage Order 7-2001,

8   Section 14(A) and (B) and Cal. Lab. Code Section 1198.

9       20.     Plaintiff requests penalties against Lowe's as provided under Lab. Code Section

10  2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

11              SECOND CAUSE OF ACTION
12          (Civil Code §§3420-3422; CCP §525, 526)

13      21.     Plaintiff incorporates by reference the allegations set forth above.

14      22.     Defendants have failed to provide suitable seating to its cashiers and continue to do

15  so.  The Wage Order requiring such seating addresses a concern for the working conditions,

16  health, and welfare of the aggrieved employees, and is remedial in nature.

17      23.     By continuing and refusing to provide suitable seating, the Defendants remain in

18  violation of the Wage Order, continuing injury to Plaintiff and other current aggrieved employees,

19  for which the civil penalties provided do not provide a full and adequate remedy.

20      24.     Plaintiff is a current employee of Defendants, is adversely impacted by the

21  Defendants' failure to comply with the California Wage Order, and is a proper party to seek

22  injunctive relief, as are many other current employees in the Class.

23  \\\
24  \\\
25  \\\
26  \\\
27  \\\
28  \\\

5
FIRST AMENDED CLASS ACTION COMPLAINT

<u>PRAYER</u>

WHEREFORE, plaintiff requests entry of judgment, on behalf of himself and the other Class members, against each defendant, jointly and severally, as follows:

1.  Civil penalties pursuant to the violations of the California Labor Code sections alleged herein;

2.  For reasonable attorneys' fees and costs of suit;

3.  For injunctive relief directing that Lowe's HIW, Inc., and/or Lowe's Companies, Inc. provide its cashiers with appropriate seats; and

4.  For such other relief that the Court deems proper.

Dated: September 27, 2011                MCINERNEY & JONES


_____
KEVIN J. MCINERNEY
Attorney for Plaintiff

6
FIRST AMENDED CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin J. McInerney<br>McInerney & Jones<br>18124 Wedge Parkway #503<br>Reno, NV 89511<br>TELEPHONE NO: (775) 849-3811   FAX NO: (775) 849-3866<br>ATTORNEY FOR *(Name):* Frank Geyer | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 16 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Frank Geyer, et al. v. Lowe's HIW, Inc. and Lowe's Companies, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 469813 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** *(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 16, 2011

Kevin J. McInerney
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A   Page 17

| SHORT TITLE: Frank Geyer, et al. v. Lowe's HIW, Inc., et al. | CASE NUMBER: BC469813 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

## BY FAX

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☑ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 6 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

Exhibit A    Page 18

| SHORT TITLE: Frank Geyer, et al. v. Lowe's HIW, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Frank Geyer, et al. v. Lowe's HIW, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 3 of 4

| SHORT TITLE: Frank Geyer, et al. v. Lowe's HIW, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___September 16, 2011___

___(signature)___
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A    Page 21

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Exhibit A    Page 22

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | PROGRAM | CITY/STATE/ZIP | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-5272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)629-3183 | (909)629-8283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 99401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

AADR 005 (Rev. 05/09)
ASC Approved 10-03

Page 2 of 2

**Exhibit A    Page 23**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

**Exhibit A   Page 25**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under *Civil* and then under *General Information*).

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11       **STIPULATION – EARLY ORGANIZATIONAL MEETING**       Page 2 of 2

**Exhibit A   Page 26**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

➤

_____      _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____        >        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____        >        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        >        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        >        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        >        (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        >        (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        >        (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____        _____
                                                                            JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):  
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - [ ]  Request for Informal Discovery Conference.
   - [ ]  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)  
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**  
(pursuant to the Discovery Resolution Stipulation of the parties)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/29/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC469813 | | |
|---|---|---|---|
| | | Plaintiff Counsel | |
| | FRANK GEYER | | NO APPEARANCES |
| | VS | Defendant | |
| | LOWE S HIW INC ET AL | Counsel | |
| | NON-COMPLEX (09-29-11) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge William F. Fahey in Department 78 at
Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 78 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

```
            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER
```

Page   1 of   2   DEPT. 324

| MINUTES ENTERED |
|---|
| 09/29/11 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/29/11 | | | DEPT. 324 |
|---|---|---|---|

| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
|---|---|---|---|
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC469813 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | FRANK GEYER | | |
| | VS | Defendant Counsel | |
| | LOWE S HIW INC ET AL | | |
| | NON-COMPLEX (09-29-11) | | |

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-29-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 09-29-11

John A. Clarke, Executive Officer/Clerk


By: _____K. Bowen_____
          K. Bowen


MCINERNEY & JONES
Kevin J. McInerney, Esq.
18124 Wedge Parkway #503
Reno, Nevada 89511


Page   2 of   2   DEPT. 324

MINUTES ENTERED
09/29/11
COUNTY CLERK

Exhibit A   Page 34



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 9196851
Date Processed: 10/13/2011

| | |
|---|---|
| Primary Contact: | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| Copy of transmittal only provided to: | Stacey Davidson<br>Dona Manley<br>Holley El-Akkad<br>Gaither Keener Jr.<br>Shannon Montgomery |

| | |
|---|---|
| Entity: | Lowe's HIW, Inc.<br>Entity ID Number  0295162 |
| Entity Served: | Lowe's HIW, Inc. and/or Lowe's Companies, Inc. |
| Title of Action: | Frank Geyer vs. Lowe's HIW, Inc. |
| Document(s) Type: | Motion |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC469813 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/12/2011 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Federal Express |
| Sender Information: | Kevin J. McInerney<br>775-849-3811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Exhibit A    Page 35



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / GARN
Transmittal Number: 9174956
Date Processed: 10/06/2011

| Primary Contact: | Ms. Patsy Blackburn
Lowe's Companies, Inc.
1000 Lowe's Blvd
Mooresville, NC 28117 |
|---|---|
| Copy of transmittal only provided to: | Stacey Davidson
Dona Manley
Holley El-Akkad
Gaither Keener Jr.
Shannon Montgomery |

| Entity: | Lowe's HIW, Inc.
Entity ID Number  0295162 |
|---|---|
| Entity Served: | Lowe's Companies, Inc. |
| Title of Action: | Frank Geyer vs. Lowe's HIW, Inc. |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC469813 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/05/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Kevin J. McInerney
775-849-3811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
CHARLES A. JONES (224915)
caj@mcinerneylaw.net
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, Nevada 89511
Tel:  775-849-3811
Fax: 775-849-3866

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
ZACHARIAH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California  92122-1253
Tel:  858-623-4200
Fax: 858-623-4299

MATTHEW RIGHETTI (121012)
matt@righettilaw.com
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Tel:  415-983-0900
Fax: 415-397-9005

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FRANK GEYER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>LOWE'S HIW, INC., LOWE'S COMPANIES, INC. and DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.   BC469813<br><br>Assigned to the Honorable William F. Fahey, Department 78<br><br>**PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE**<br><br>Complaint Filed: September 16, 2011 |

PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE
CASE NO.   BC469813

1    Plaintiff Frank Geyer and his attorneys hereby move that the above captioned matter,

2  which has been assigned for all purposes to the Honorable William F. Fahey in Department 78 of

3  this Court, be reassigned from Judge Fahey, and that no matters hereinafter arising in this case be

4  heard or assigned to Judge Fahey, on the ground that said judge is prejudiced against Plaintiff or

5  his attorneys, or the interests of Plaintiff or his attorneys, so that Plaintiff or his attorneys cannot,

6

7  or believe they cannot, have a fair and impartial trial or hearing before said judge.

8    This motion is made pursuant to Section 170.6 of the California Code of Civil Procedure

9  and is based on the matters contained herein and in the supporting Declaration of Kevin J.

10  McInerney, all filed and served concurrently herewith.

11

12  Dated:  October 11, 2011                          MCINERNEY & JONES

13

14

15                                                    Kevin J. McInerney
16                                                    *Attorney for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
CHARLES A. JONES (224915)
caj@mcinerneylaw.net
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, Nevada 89511
Tel: 775-849-3811
Fax: 775-849-3866

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
ZACHARIAH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

MATTHEW RIGHETTI (121012)
matt@righettilaw.com
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Tel: 415-983-0900
Fax: 415-397-9005

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FRANK GEYER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOWE'S HIW, INC., LOWE'S COMPANIES, INC. and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO.   BC469813<br><br>Assigned to the Honorable William F. Fahey, Department 78<br><br>**DECLARATION OF KEVIN J. McINERNEY IN SUPPORT OF PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE**<br><br>Complaint Filed: September 16, 2011 |

DECLARATION OF KEVIN J. McINERNEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PEREMPTORY CHALLENGE
CASE NO.  BC469813

1    I, Kevin J. McInerney, hereby declare and state:

2         1.     I am an attorney at the law duly licensed to practice in the State of California with

3 the firm of McInerney & Jones, attorneys for Plaintiff Frank Geyer in the above-entitled matter. I

4 have personal knowledge of the matters set forth herein and, if called as witness, could and would

5 testify competently thereto.

6

7         2.     The Honorable William F. Fahey, the judge before whom the above-captioned

8 matter has been assigned for all purposes, is prejudiced against Plaintiff or his attorneys, or the

9 interests of Plaintiff or his attorneys, so that Plaintiff or his attorneys cannot, or believe that they

10 cannot, have a fair and impartial trial or hearing before said judge.

11         3.     Pursuant to California Code of Civil Procedure Section 170.6(a)(2), Plaintiff's

12 Motion for Peremptory Challenge is timely as it is filed within fifteen (15) days after notice of the

13 all purpose assignment.

14

15        I declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct. Executed on October 11, 2011, at Reno, Nevada.

17

18

19                            Kevin J. McInerney
                             *Attorney for Plaintiff*

20

21

22

23

24

25

26

27

28

DECLARATION OF KEVIN J. McINERNEY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PEREMPTORY CHALLENGE
CASE NO.   BC469813

**Exhibit A    Page 40**

1  KEVIN J. McINERNEY (46941)
   kevin@mcinerneylaw.net
2  CHARLES A. JONES (224915)
   caj@mcinerneylaw.net
3  McINERNEY & JONES
4  18124 Wedge Parkway #503
   Reno, Nevada 89511
5  Tel: 775-849-3811
   Fax: 775-849-3866
6
7  JAMES F. CLAPP (145814)
   jclapp@sdlaw.com
8  ZACHARIAH P. DOSTART (255071)
   zdostart@sdlaw.com
9  DOSTART CLAPP & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
10 San Diego, California  92122-1253
   Tel:  858-623-4200
11 Fax: 858-623-4299
12
   MATTHEW RIGHETTI (121012)
13 matt@righettilaw.com
   RIGHETTI GLUGOSKI, P.C.
14 456 Montgomery Street, Suite 1400
   San Francisco, California 94104
15 Tel:  415-983-0900
   Fax: 415-397-9005
16
17 *Attorneys for Plaintiff*
18         SUPERIOR COURT OF THE STATE OF CALIFORNIA
19        IN AND FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT
20 FRANK GEYER, individually and on behalf          CASE NO.   BC469813
   of all others similarly situated,
21                                                  Assigned to the Honorable William F. Fahey,
                 Plaintiff,                         Department 78
22
23 vs.                                              **PROOF OF SERVICE**
24 LOWE'S HIW, INC., LOWE'S                          Complaint Filed: September 16, 2011
   COMPANIES, INC. and DOES 1-50,
25 inclusive,
26               Defendants.
27
28
                            PROOF OF SERVICE
                          CASE NO.  BC469813



I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada. I am over the age of eighteen (18) years and not a party to the within action; and that my business address is 18124 Wedge Parkway, #503, Reno Nevada, 89511. On October 11, 2011 I served the foregoing document(s) described as:

      1. PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE
      2. DECLARATION OF KEVIN J. McINERNEY IN SUPPORT OF PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE

on all interested parties in this action addressed to the addressee as follows:

Lowe's HIW, Inc. and/or
Lowe's Companies, Inc.
c/o Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Matthew Righetti, Esq.
RIGHETTI GLUGOSKI, P.C.
456 Montgomery St., Suite 1400
San Francisco, CA 94101
Phone: (415) 983-0900
Fax: (415) 397-9005
matt@righettilaw.com

James F. Clapp
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Phone: (858) 623-4200
Fax: (858) 623-4299
jclapp@sdlaw.com

  XX   (By Federal Express or other Overnight Delivery Service) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 11, 2011, at Reno, Nevada.

Jennifer Smith

2
PROOF OF SERVICE
CASE NO.  BC469813

From:  (775) 849-3811    Origin ID: RNOA
Mcinerney & Jones

18124 WEDGE PARKWAY, #503

RENO, NV 89511

Ship Date: 11OCT11
ActWgt: 0.5 LB
CAD: 5482108/INET3210

J11201108050225

SHIP TO: (916) 641-5100          BILL SENDER

**Lowe's HIW, Inc./Lowe's Companies**
**c/o Corporation Service Company**
**2730 GATEWAY OAKS DR STE 100**

**SACRAMENTO, CA 95833**

Delivery Address Bar Code

Ref #        Lowe's
Invoice #
PO #
Dept #



TRK#    **7976 0884 8955**
0201

WED - 12 OCT  A1
STANDARD OVERNIGHT

# WD SMFA

95833
CA-US
**SMF**

50FG1/A013/F5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/24/11

DEPT. 1

HONORABLE Carolyn B. Kuhl     JUDGE     K. Gaudreau     DEPUTY CLERK

HONORABLE     JUDGE PRO TEM     ELECTRONIC RECORDING MONITOR

J. O'Neal, C.A.     Deputy Sheriff     None     Reporter

12:00 pm BC469813

FRANK GEYER

               VS

LOWE S HIW INC ET AL

170.6 FAHEY (PLTF)

Plaintiff Counsel

Defendant Counsel

No Appearances

NATURE OF PROCEEDINGS:

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned from Judge William F. Fahey in Department 78 to Judge David L. Minning in Department 61.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

              CLERK'S CERTIFICATE OF MAILING/
                NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 10/24/2011 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the

              Page    1 of    2    DEPT. 1

MINUTES ENTERED
10/24/11
COUNTY CLERK

Exhibit A    Page 44

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/24/11

HONORABLE  Carolyn B. Kuhl    JUDGE

HONORABLE                       JUDGE PRO TEM

J. O'Neal, C.A.     Deputy Sheriff

DEPT. 1

K. Gaudreau    DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

None    Reporter

12:00 pm | BC469813

FRANK GEYER

VS

LOWE S HIW INC ET AL

170.6 FAHEY (PLTF)

Plaintiff
Counsel

Defendant
Counsel

No Appearances

### NATURE OF PROCEEDINGS:

original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: October 24, 2011

John A. Clarke, Executive Officer/Clerk

By: _____
           K. Gaudeau

Kevin J. McInerney
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV   89511

Page   2 of   2    DEPT. 1

MINUTES ENTERED
10/24/11
COUNTY CLERK

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin J. McInerney (SBN: 46941)<br>McInerney and Jones<br>18124 Wedge Parkway #503<br>Reno, NV 89511<br>TELEPHONE NO.: 775-849-3811  FAX NO. *(Optional):* 775-849-3866<br>E-MAIL ADDRESS *(Optional):* kevin@mcinerneylaw.net<br>ATTORNEY FOR *(Name):* Frank Geyer | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>OCT 3 1 2011<br>JOHN A. CLARKE, CLERK **RECEIVED**<br>BY DEBRA MAJOR, DEPUTY OCT 2 8 2011<br>**FILING WINDOW** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Frank Geyer, et al.

DEFENDANT/RESPONDENT: Lowe's HIW Inc., et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle   ☐ Other<br>☐ Family Law   ☐ Eminent Domain<br>☑ Other *(specify)* : Employment | BC469813<br>*Dept 61* |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice   (2) ☑ Without prejudice
   b. (1) ☑ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                     on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                     on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other *(specify):* Dismissal of complaint as to defendant Lowe's Companies Inc. ONLY

# BY FAX

2. *(Complete in all cases except family law cases.)*
   ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: 10/26/2011

Kevin J. McInerney
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.*

► *(signature)*
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► *(SIGNATURE)*
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk.)*
4. ☐ Dismissal entered as requested on *(date):* OCT 3 1 2011
5. ☑ Dismissal entered on *(date):* OCT 3 1 2011 as to only *(name):* Lowe's Companies Inc.
6. ☐ Dismissal not entered as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: OCT 3 1 2011   Clerk, by _____ D-mj, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 (Rev. July 1, 2009)

**REQUEST FOR DISMISSAL**

D. Major

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov
Page 1 of 2

CIV-110

| PLAINTIFF/PETITIONER: |  | CASE NUMBER: |
| DEFENDANT/RESPONDENT: |  |  |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____                    ▶    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

**REQUEST FOR DISMISSAL**

1084404v1

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A   Page 48